UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HORNBECK OFFSHORE TRANSPORTATION, LLC**<br>103 Northpark Boulevard, Suite 300<br>Covington, LA 70433,<br><br>    Plaintiff,<br><br>      v.<br><br>**THE UNITED STATES OF AMERICA,**<br><br>    Defendant. | Civil Action No. _____ |

## COMPLAINT

Now comes Plaintiff, Hornbeck Offshore Transportation, LLC ("Hornbeck") and alleges upon information and belief as follows:

### *Jurisdiction and Venue*

1.   This action arises and this Court has jurisdiction under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80.

2.   Venue is proper in this court pursuant to 28 U.S.C. § 1402(b) as the "act or omission complained of" occurred in this district.

### *Parties*

3.   Plaintiff Hornbeck is a limited liability company, organized under the laws of the State of Delaware, and maintains its principal place of business in Covington, Louisiana.

4. Hornbeck, through its subsidiaries, owns and operates oil transport vessels, including the tank barge "ENERGY 8701" (the "Barge" or "ENERGY 8701").

5. The United States Coast Guard ("Coast Guard" or "Agency") is an agency of the U.S. Government within the U.S. Department of Homeland Security. The Agency's headquarters is located in Washington, D.C. Among other duties, the Agency administers the Oil Pollution Act of 1990 ("OPA 90"), Pub. L. No. 101-380, 104 Stat. 484 (1990), including OPA 90 phase-out provisions. OPA 90 § 4115, codified at 46 U.S.C. § 3703a.

6. Plaintiff Hornbeck brings this action against the United States to recover damages for injuries caused by the United States through the Coast Guard's lack of due care, negligence and/or wrongful act or omission in assigning an improper OPA 90 phase-out date for the Barge and failing to apply the proper phase-out date for the Barge.

*Statutory Framework*

7. OPA 90 provides, in relevant part, that certain tank vessels that carry oil in bulk as cargo must be equipped with a double-hull by a certain date or be phased-out of service in accordance with a statutory schedule. The schedule is based on a vessel's tonnage, hull configuration, and construction date. OPA 90 § 4115; 46 U.S.C. § 3703a; see *Hornbeck Offshore Transportation, LLC v. U.S. Coast Guard*, 424 F. Supp. 2d 37, 39 (D.D.C. 2006).

8. OPA 90's statutory schedule provides a phase-out date of January 1, 2005 for certain vessels of 5000 gross tons or more, 46 U.S.C. § 3703a(c)(3)(A), and of January 1, 2015, for certain vessels of less than 5000 gross tons, 46 U.S.C. § 3703a(c)(2). *See Hornbeck*, 424 F. Supp. 2d at 39.

9. Whether a single hull tank barge built before 1980, such as the ENERGY 8701 built in 1976, is phased out in 2005 or 2015 depends exclusively on the vessel's gross tonnage. *See Hornbeck*, 424 F. Supp. 2d at 40.

10. A vessel's gross tonnage measurement describes its internal volume, not the weight the vessel can carry or the weight of the vessel itself. The United States recognizes different systems of gross tonnage measurement, including both the "Regulatory" and the "Convention" measurement systems. 46 U.S.C. §§ 3703a(e)(1), 14302, 14501. Depending on which measurement system is used, the calculations may produce different gross tonnages for a particular vessel. *See Hornbeck*, 424 F. Supp. 2d at 40.

11. Tonnage measurement statutes and OPA 90 permit the owner of a tank barge to elect to employ the Convention measurement system, rather than the Regulatory system, to determine the gross tonnage of a tank barge. *See Hornbeck*, 424 F. Supp. 2d at 56.

12. Neither the tonnage measurement statutes nor OPA 90 allow the Agency to determine which tonnage measurement system to assign to a vessel nor do the statutes allow the Agency to apply one tonnage measurement system for some purposes and another tonnage measurement system for other purposes. *See Hornbeck*, 424 F. Supp. 2d at 57.

13. In 1997, Congress amended 46 U.S.C. § 3703a—the codification of the OPA 90 tank vessel construction standards and related double hull phase-out dates—by adding section 3703a(e) (commonly referred to as the "Frelinghuysen Amendment"). *See* Pub. L. No. 105-85, § 3606, 111 Stat. 1629, 2077 (1997).

14. The purpose of the 1997 Frelinghuysen Amendment was to restrict the practice of *physically* altering vessels to reduce tonnage in an effort to delay the phase-out requirements under OPA 90. *See Hornbeck*, 424 F. Supp. 2d at 52.

15. The Frelinghuysen Amendment accomplished its purpose by fixing July 1, 1997 as the date after which *physical alteration* of a vessel would not affect a vessel's tonnage measurements. *See* 46 U.S.C. § 3703a(e); *see Hornbeck*, 424 F. Supp. 2d at 52-53.

16. For a vessel like the ENERGY 8701 that was not physically altered, gross tonnage under the Frelinghuysen Amendment is the tonnage that "would have been recognized by the Secretary" on July 1, 1997, i.e., the tonnage as measured under either the Regulatory or Convention measurement systems. *See Hornbeck*, 424 F. Supp. 2d at 50-53.

*Agency Acts and Omissions Denying the Barge the Proper OPA 90 Phase-out Date*

17. The American Bureau of Shipping measured the ENERGY 8701 under the Convention measurement system at 4660 gross tons in connection with a planned voyage to Canada. And in March 2004, the Agency assigned the 4660 gross ton Convention tonnage to the ENERGY 8701.

18. On March 8, 2004, Hornbeck applied to the Coast Guard's Marine Safety Center ("MSC") in Washington D.C. and requested that the Agency apply the proper OPA 90 phase-out date of January 1, 2015 as required by law, including 46 U.S.C. 3703a(e), because the ENERGY 8701's Convention tonnage measurement was 4660 gross tons, i.e., less than 5000 gross tons.

19. Notwithstanding the injury and damages it caused Hornbeck, on March 29, 2004, the Agency denied Hornbeck's request and stated:

> [W]e interpret the language of 46 U.S.C. 3703a(e)(1) as requiring the OPA 90 requirements to be applied using the correct regulatory measurement system tonnage for the vessel on July 1, 1997[. S]ince at that time the laws of the United States were applied to the vessel using regulatory tonnage . . . the tonnage for applying the OPA 90 requirements is 5323 GRT.

20. On July 29, 2004, Hornbeck appealed the initial Agency action to Agency Headquarters. The appeal highlighted the Agency's erroneous application of 46 U.S.C. § 3703a(e) and the disparate treatment of ENERGY 8701 as compared to other legally indistinguishable barges that the Agency permitted to use Convention tonnage measurements of less than 5000 gross tons to extend OPA 90 phase-out dates, notwithstanding those barges also having Regulatory tonnage measurements in excess of 5000 gross tons assigned on July 1, 1997.

21. Notwithstanding the injury and damages it caused Hornbeck, on September 15, 2004, the Agency denied Hornbeck's appeal. The Agency stated its reason for denying the appeal:

> We agree with the Marine Safety Center's interpretation that the vessel's tonnage as of July 1, 1997, is the tonnage to be used in determining the OPA 90 phase out. The gross tonnage of the barge ENERGY 8701 on July 1, 1997 was 5323.19 tons, measured under the standard [Regulatory] measurement system . . . .

22. The Agency changed OPA 90 phase-out dates from January 1, 2005 to January 1, 2015 for at least two other barges that are legally indistinguishable from the ENERGY 8701, but refused Hornbeck's requests regarding the ENERGY 8701. *See Hornbeck*, 424 F. Supp. 2d at 47-48.

23. In compliance with the Coast Guard's action mandating the January 1, 2005 phase-out date for the Barge, Hornbeck removed the vessel from operation prior to January 1, 2005.

5

### *Judicial Review of Agency Action Regarding the Barge's Proper OPA 90 Phase-out Date*

24.   On October 8, 2004, Hornbeck sought judicial review by this Court of the Agency's denial pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*, because (a) the Agency failed to comply with the plain language of the statute recognizing the Convention method of measurement of the ENERGY 8701 and (b) the Agency failed to treat legally indistinguishable vessels similarly, thereby assigning the improper phase-out date of January 1, 2005 rather than assigning the proper phase-out date of January 1, 2015. Civ. No. 04-1724 (CKK), (hereinafter the "APA Action").

25.   The APA Action was submitted to this Court for decision on cross-motions for summary judgment. *See Hornbeck*, 424 F. Supp. 2d at 38-39.

26.   In its cross-motion for summary judgment, the government agreed that "OPA 90, as amended by the Frelinghuysen Amendment, is clear and unambiguous." Defs.' Opp'n & Cross-Mot. at 17; *see Hornbeck*, 424 F. Supp. 2d at 47.

27.   In its cross-motion for summary judgment, the government asserted that the Agency "applied the statute to ENERGY 8701 in a straightforward manner." *Id.*

28.   In its cross-motion for summary judgment, however, the Agency asserted for the first time that it "'could not have recognized [ENERGY 8701's] Convention gross tonnage measurement as of July 1, 1997 when none existed' on that date or had been requested by that date." Defs.' Opp'n & Cross-Mot. at 6; *see Hornbeck*, 424 F. Supp. 2d at 48.

29.   The Agency's newly-stated rational justifying its disparate treatment of the ENERGY 8701 as compared to other tank barges that the Agency had previously assigned new

phase-out dates of January 1, 2015, was that the owners of the other tank barges had requested remeasurement under the Convention system before July 1, 1997. *See Hornbeck*, 424 F. Supp. 2d at 48-49.

30. OPA 90 does not provide phase-out dates based on the date remeasurement is requested. *See Hornbeck*, 424 F. Supp. 2d at 47-48.

31. On March 27, 2006, Judge Koller-Kotelly of this Court granted Hornbeck's motion for Summary Judgment on the APA claim. *Hornbeck Offshore Transportation, LLC v. U.S. Coast Guard*, 424 F. Supp. 2d 37 (D.D.C. 2006).

32. The Court ruled that "the plain language of OPA 90 and the relevant tonnage measurement statutes is clear and unambiguous," *id.* at 47, and that "the agency's construction of the relevant statutes is contrary to their plain language," *id.* at 50.

33. The Court ruled that "the Agency's refusal to apply the plain language of Section 3703a(e), the entire OPA 90 scheme, and the tonnage measurement laws to [Hornbeck's] vessel was arbitrary, capricious, and otherwise not in accordance with law in violation of the APA, 5 U.S.C. § 706(2)(A)." *Hornbeck*, 424 F. Supp. 2d at 58.

34. The Court ruled that "[t]he Agency's failure to recognize the plain language and meaning of 46 U.S.C. § 3703a(e) ensured that it gave ENERGY 8701 an incorrect phase-out date of January 1, 2005. Such an action was arbitrary, capricious, and otherwise not in accordance with the law, in violation of the APA." *Hornbeck*, 424 F. Supp. 2d at 52.

35. The Court ruled that "the Agency's decision to apply a portion of a provision limiting the ability of vessel owners to escape an OPA 90 phase-out through a physical alteration

7

to a situation where no physical alteration has occurred is simply illogical and contrary to the plain meaning of the statute. Indeed, the Agency's interpretation of Section 3703a(e)(1) ignores the plain language of the provision as a whole, which is plainly contradictory to its construction of the statute." *Hornbeck*, 424 F. Supp. 2d at 52-53.

36. The Court also ruled that the Agency's newly asserted rational for treating similarly situated vessels differently was a "post-hoc rationalization"—asserted for the improper purpose of avoiding the finding that its treatment of similarly situated vessels would have been unlawful under its original rational—and was therefore "improperly before the Court and unworthy of deference." *Hornbeck*, 424 F. Supp. 2d at 49.

37. The Coast Guard did not appeal the Court's decision, which is final.

38. Pursuant to the Court's decision, the Coast Guard subsequently assigned the proper 2015 phase-out date to the Barge.

### *Hornbeck's Injuries and Damages*

39. The Coast Guard's lack of due care, negligence and/or wrongful act or omission in assigning an improper phase-out date and failing to assign the proper phase-out date for the ENERGY 8701 caused Hornbeck injuries and damages in the amount of $6,578,789.65, comprised of:

    a. $4,778,040 for loss of hire during the period from January 1, 2005 until September 30, 2006 during which time the Barge could not operate as a tank barge;

b.  $231,869 for drydocking required by the Coast Guard prior to taking the vessel out of service;

c.  $208,482.16 for costs incurred in taking the vessel out of service and laying it up; and

d.  $1,360,407.49 in damages to return the vessel to service from its layup and repair layup related damage, including $155,498.49 in damages for legal costs incurred in overturning the Coast Guard's unlawful action.

### *Other FTCA Elements*

40. The Defendant is liable to the Plaintiff in accordance with the laws of the District of Columbia.

41. Pursuant to 28 U.S.C. § 2675(a), the claim set forth herein was presented to the U.S. Coast Guard on September 12, 2006.

42. The Coast Guard denied the claim on February 21, 2007, on the basis that "the United States has not waived sovereign immunity for tort claims based on the Coast Guard's exercise of its discretion in making a vessel certification decision."

**WHEREFORE**, Plaintiff demands judgment against defendant in the sum of six million five-hundred-seventy-eight thousand seven-hundred-eighty-nine dollars and sixty-five cents ($6,578,789.65), fees and costs, and such other relief as the Court deems appropriate.

Respectfully submitted,

WINSTON & STRAWN LLP

*[signature]*

Lawrence I. Kiern #441154
Thomas L. Mills #911495
Gerald A. Morrissey III #488730
1700 K Street, N.W.
Washington, D.C. 20006
(202) 282-5811 (direct)
(202) 282-5100 (fax)
email: lkiern@winston.com
email: tmills@winston.com
email: gmorrissey@winston.com

*Attorneys for Plaintiff Hornbeck Offshore Transportation, LLC*

OF COUNSEL:

Samuel A. Giberga
General Counsel
Hornbeck Offshore Transportation, LLC
Covington, LA 70433
103 Northpark Boulevard, Suite 300
(985) 727-6804 (direct)
(985) 727-2006 (fax)
email: samuel.giberga@hornbeckoffshore.com

Dated: June 8, 2007

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Hornbeck Offshore Transportation, LLC
103 Northpark Blvd., Ste 300
Covington, LA 70433

## DEFENDANTS

United States of America

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Kent County, DE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lawrence I. Kiern
Gerald A. Morrissey III
Winston & Strawn LLP
1700 K. St. NW
Washington, D.C. 20006
202-282-5000

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ● E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 for recovery of damages for injuries caused by the U.S. though its agency the U.S. Coast Guard.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 6,578,789.65    Check YES only if demanded in complaint
JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE 6/8/2007   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.