# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HORNBECK OFFSHORE TRANSPORTATION, LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:07-cv-01030 ) Judge Lamberth |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) ) |

## ANSWER OF DEFENDANT UNITED STATES OF AMERICA

Defendant United States of America, by and through the undersigned counsel, respectfully submits this Answer in response to Plaintiff's Complaint.

1.     The allegations contained in Paragraph 1 constitute jurisdictional allegations to which an answer is not required; to the extent that a response is necessary, the allegations are denied.

2.     Admit the allegations of Paragraph 2.

3.     The United States lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 3; therefore, the allegations are denied.

4.     The United States lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 4; therefore, the allegations are denied.

5.     Admit the allegations of Paragraph 5.

6.      Deny the allegations of Paragraph 6.

7.      Paragraph 7 consists of legal conclusions and does not contain allegations to which

any answer is required by the United States; to the extent that a response is necessary, the

United States admits that the allegations accurately reflect the Court's decision in

Hornbeck Offshore Transp., LLC v United States Coast Guard, 424 F. Supp. 2d 37

(D.D.C. 2006).

8.      Paragraph 8 consists of legal conclusions and does not contain allegations to which

any answer is required by the United States; to the extent that a response is necessary, the

United States admits that the allegations accurately reflect the Court's decision in

Hornbeck Offshore Transp., LLC v United States Coast Guard, 424 F. Supp. 2d 37

(D.D.C. 2006).

9.      Admit that the ENERGY 8701 was built in 1976.  The remainder of Paragraph 9

consists of legal conclusions and does not contain allegations to which any answer is

required by the United States; to the extent that a response is necessary, the United States

admits that the allegations accurately reflect the Court's decision in Hornbeck Offshore

Transp., LLC v United States Coast Guard, 424 F. Supp. 2d 37 (D.D.C. 2006).

10.     Admit the first sentence of Paragraph 10.  The remainder of the paragraph consists

of legal conclusions and does not contain allegations to which any answer is required by

the United States; to the extent that a response is necessary, the United States admits that

the allegations accurately reflect the Court's decision in Hornbeck Offshore Transp., LLC

v United States Coast Guard, 424 F. Supp. 2d 37 (D.D.C. 2006).

2

11.     Paragraph 11 consists of legal conclusions and does not contain allegations to which any answer is required by the United States; to the extent that a response is necessary, the United States admits that the allegations accurately reflect the Court's decision in Hornbeck Offshore Transp., LLC v United States Coast Guard, 424 F. Supp. 2d 37 (D.D.C. 2006).

12.     Paragraph 12 consists of legal conclusions and does not contain allegations to which any answer is required by the United States; to the extent that a response is necessary, the United States admits that the allegations accurately reflect the Court's decision in Hornbeck Offshore Transp., LLC v United States Coast Guard, 424 F. Supp. 2d 37 (D.D.C. 2006).

13.     Paragraph 13 consists of legal conclusions and does not contain allegations to which any answer is required by the United States; to the extent that a response is necessary, the United States admits the legal conclusion in Paragraph 13.

14.     Paragraph 14 consists of legal conclusions and does not contain allegations to which any answer is required by the United States; to the extent that a response is necessary, the United States admits that the allegations accurately reflect the Court's decision in Hornbeck Offshore Transp., LLC v United States Coast Guard, 424 F. Supp. 2d 37 (D.D.C. 2006).

15.     Paragraph 15 consists of legal conclusions and does not contain allegations to which any answer is required by the United States; to the extent that a response is necessary, the United States admits that the allegations accurately reflect the Court's

decision in <u>Hornbeck Offshore Transp., LLC v United States Coast Guard</u>, 424 F. Supp. 2d 37 (D.D.C. 2006).

16.    Paragraph 16 consists of legal conclusions and does not contain allegations to which any answer is required by the United States; to the extent that a response is necessary, the United States admits that the allegations accurately reflect the Court's decision in <u>Hornbeck Offshore Transp., LLC v United States Coast Guard</u>, 424 F. Supp. 2d 37 (D.D.C. 2006).

17.    Admit the first sentence in Paragraph 17; admit the second sentence of Paragraph 17, except to the extent that the Coast Guard applied the regulatory measurement system tonnage for purposes of OPA 90 phase-out.

18.    Admit that on March 8, 2004 Plaintiff applied to the Coast Guard requesting that the Coast Guard change the phase-out date for the barge ENERGY 8701 from January 1, 2005 to January 1, 2015 because the convention tonnage measurement was less than 5,000 gross tons.  To the extent that a further response is required, the remainder of the allegations in Paragraph 18 are denied.

19.    Admit that the Coast Guard denied Plaintiff's request by letter to Plaintiff on March 29, 2004.  The remainder of the allegations in Paragraph 19 are denied.

20.    Admit that on July 29, 2004 Plaintiff sought an administrative appeal of the Coast Guard's decision.  The remainder of the allegations in Paragraph 20 are denied.

21.    Admit that the Coast Guard denied Plaintiff's Administrative appeal on September 15, 2004.  The remainder of the allegations in Paragraph 21 are denied.

22.     Paragraph 22 consists of legal conclusions and does not contain allegations to which any answer is required by the United States; to the extent that a response is necessary, the allegations are denied.

23.     The United States lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 23; therefore, the allegations are denied.

24.     Admit that Plaintiff brought an action against the United States and the United States Coast Guard in this Honorable Court on October 8, 2004 seeking review of the Coast Guard's determination.  The remainder of the allegations in Paragraph 24 are denied.

25.     Admit the allegations of Paragraph 25.

26.     The United States' Cross Motion for Summary Judgment in the prior action speaks for itself.  To the extent a further response is required, the remainder of the allegations in Paragraph 26 are denied.

27.     The United States' Cross Motion for Summary Judgment in the prior action speaks for itself.  To the extent a further response is required, the remainder of the allegations in Paragraph 27 are denied.

28.     The United States' Cross Motion for Summary Judgment in the prior action speaks for itself.  To the extent a further response is required, the remainder of the allegations in Paragraph 28 are denied.

29.     The United States' Cross Motion for Summary Judgment in the prior action speaks for itself.  To the extent a further response is required, the remainder of the allegations in

Paragraph 29 are denied.

30.    Paragraph 30 consists of legal conclusions and does not contain allegations to which any answer is required by the United States; to the extent that a response is necessary, the United States admits that the allegations accurately reflect the Court's decision in Hornbeck Offshore Transp., LLC v United States Coast Guard, 424 F. Supp. 2d 37 (D.D.C. 2006).

31.    Admit that Judge Koller-Kotelly decided the prior action on March 27, 2006.  The Court's opinion in the prior action speaks for itself.

32.    The Court's opinion in the prior action speaks for itself and Paragraph 32 does not contain allegations to which any answer is required by the United States; to the extent that a further response is necessary, the United States admits that each separate clause of Paragraph 32 contains an accurate quotation from the Court's decision in Hornbeck Offshore Transp., LLC v United States Coast Guard, 424 F. Supp. 2d 37 (D.D.C. 2006).

33.    The Court's opinion in the prior action speaks for itself and Paragraph 33 does not contain allegations to which any answer is required by the United States; to the extent that a further response is necessary, the United States admits that Paragraph 33 contains an accurate quotation from the Court's decision in Hornbeck Offshore Transp., LLC v United States Coast Guard, 424 F. Supp. 2d 37 (D.D.C. 2006).

34.    The Court's opinion in the prior action speaks for itself and Paragraph 34 does not contain allegations to which any answer is required by the United States; to the extent that a further response is necessary, the United States admits that Paragraph 34 contains an

accurate quotation from the Court's decision in <u>Hornbeck Offshore Transp., LLC v</u>

<u>United States Coast Guard</u>, 424 F. Supp. 2d 37 (D.D.C. 2006).

35.    The Court's opinion in the prior action speaks for itself and Paragraph 35 does not

contain allegations to which any answer is required by the United States; to the extent that

a further response is necessary, the United States admits that Paragraph 35 contains an

accurate quotation from the Court's decision in <u>Hornbeck Offshore Transp., LLC v</u>

<u>United States Coast Guard</u>, 424 F. Supp. 2d 37 (D.D.C. 2006).

36.    The Court's opinion in the prior action speaks for itself and Paragraph 36 does not

contain allegations to which any answer is required by the United States; to the extent that

a further response is necessary, the United States admits that the quotations contained in

Paragraph 36 accurately reflect the language of the Court in <u>Hornbeck Offshore Transp.,</u>

<u>LLC v United States Coast Guard</u>, 424 F. Supp. 2d 37 (D.D.C. 2006); the remaining

allegations are denied.

37.    Admit the allegations in Paragraph 37, except that the United States and United

States Coast Guard were parties to the prior action.

38.    Admit that subsequent to the Court's decision, the Coast Guard assigned a phase-

out date of January 1, 2015 to the Barge ENERGY 8701.  The remainder of the

allegations in Paragraph 38 are denied.

39.    Deny the allegations in Paragraph 39.

40.    Deny the allegations in Paragraph 40.

41.    The United States admits that, pursuant to 28 U.S.C. § 2675(a), an administrative

claim, dated September 12, 2006, was submitted to the Coast Guard.

42.    Admit that the Coast Guard denied Plaintiff's claim on February 21, 2007 and

Paragraph 42 quotes one of the reasons given for the claim denial.

43.    The remainder of Plaintiff's complaint is a prayer for relief, which does not require

a response; to the extent a response is necessary, the allegations are denied.

## FIRST DEFENSE

44.    This Court lacks subject matter jurisdiction over the subject matter of this action.

## SECOND DEFENSE

45.    The Plaintiff's Complaint fails to state a claim against the United States of

America upon which relief may be granted.

## THIRD DEFENSE

46.    The claims do not allege a negligent or wrongful act by an employee of the

Government.

## FOURTH DEFENSE

47.    Defendant United States, through its employees and agents, acted with due care

and diligence at all relevant times.

## FIFTH DEFENSE

48.    Plaintiff has not and can not assert a tort claim under the law of the place where

the alleged negligent or wrongful acts and omissions occurred.

## SIXTH DEFENSE

49.    Plaintiff's complaint does not allege an act or omission for which a private

individual would be liable.

## SEVENTH DEFENSE

50.     The claims do not allege an injury or loss of property or a personal injury or death.

## EIGHTH DEFENSE

51.     The Court lacks subject matter jurisdiction because the claims allege interference

with contract rights or interference with prospective economic advantage and are

therefore beyond the ambit of the FTCA.

## NINTH DEFENSE

52.     The claims are barred insofar as they challenge an act or omission of a

Government employee exercising due care in the execution of a statute or regulation.  28

U.S.C. § 2680(a).

## TENTH DEFENSE

53.     The claims are barred to the extent that they are based on the exercise or

performance or the failure to exercise or perform a discretionary function or duty. 28

U.S.C. § 2680(a).

## ELEVENTH DEFENSE

54.     Plaintiff is not entitled to costs or attorney's fees.

## TWELFTH DEFENSE

55.     Plaintiff's claims are barred by claim preclusion (res judicata).

## THIRTEENTH DEFENSE

56.     Plaintiff failed to mitigate damages.

9

## FOURTEENTH DEFENSE

57.     If Plaintiff sustained injuries and damages, which are denied, then said injuries and

damages were caused in whole or in part by the negligence of Plaintiff, their officers,

agents, servants, employees or others for whom it was responsible, and were not caused

in any manner by any fault or negligence of the United States of America, its officers,

agents, servants, employees or others for whom it was responsible.

## FIFTEENTH DEFENSE

58.     If Plaintiff sustained injuries and damages, which are denied, then said injuries and

damages were caused in whole or in part by the acts of third parties, and were not caused

or contributed to in any manner by any fault or negligence of the United States of

America, its officers, agents, servants, employees or others for whom it was responsible.

## SIXTEENTH DEFENSE

59.     Plaintiff's complaint is barred by the statute of limitations.

## SEVENTEENTH DEFENSE

60.     Plaintiff's claim is barred by the economic loss doctrine.

This 7th day of August 2007.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

DARRELL VALDEZ
Assistant United States Attorney


  S/ RODNEY PATTON
RODNEY PATTON
Trial Attorney, Civil Division
Torts Branch
Aviation and Admiralty Litigation
P. O. Box 14271
Washington, D.C.  20044-4271
Telephone:  (202) 616-4105
Facsimile:  (202) 616-4002
E-Mail: rodney.patton@usdoj.gov


  S/ JOHN S. LUCE Jr.
JOHN S. LUCE Jr.
Trial Attorney, Civil Division
Torts Branch
Aviation and Admiralty Litigation
P. O. Box 14271
Washington, D.C.  20044-4271
Telephone:  (202) 616-4035
Facsimile:  (202) 616-4159
E-Mail:  john.luce@usdoj.gov

11

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 7th day of August 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

        Lawrence I. Kiern
        WINSTON & STRAWN, LLP

                         S/ JOHN S. LUCE Jr.
                        JOHN S. LUCE, Jr.
                        Trial Attorney, Civil Division
                        Torts Branch
                        Aviation and Admiralty Litigation
                        P. O. Box 14271
                        Washington, D.C.  20044-4271
                        Telephone:  (202) 616-4035
                        Facsimile:  (202) 616-4159
                        E-Mail:  john.luce@usdoj.gov