UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HORNBECK OFFSHORE TRANSPORTATION, LLC<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-1030 (RCL)<br>)<br>)<br>)<br>)<br>) |

## JOINT SCHEDULING REPORT

The parties to this action through counsel hereby submit to the Court this Joint Scheduling Report and the parties' proposed scheduling orders. On August 23, 2007, in person, on August 28 and 29, 2007 by telephone, and subsequently by email, counsel for the parties conferred pursuant to Federal Rules of Civil Procedure 16(b) and 26(f) and Local Rule 16.3. The following matters are addressed in the order set forth in Local Rule 16.3(c):

1. <u>Nature of the Case</u>: The parties differ as to the Nature of the Case. Plaintiff submits that this is an action under the Federal Tort Claims Act ("FTCA") alleging damages in the amount of $6,578,789.65 caused by tortious conduct of the U.S. Coast Guard ("Coast Guard") which refused to assign the proper phase-out date for the barge ENERGY 8701 thereby causing it to be forced out of service from January 1, 2005 to September 30, 2006 contrary to law. Plaintiff previously challenged the Coast Guard's actions in an Administrative Procedure Act ("APA") – Freedom of Information Act ("FOIA") case (the "APA-FOIA Action"). Finding in favor of Plaintiff, the district court (Judge Kollar-Kotelly) held the Coast Guard's actions arbitrary, capricious, and otherwise not in accordance with law. *Hornbeck Offshore Transportation, LLC v. U.S. Coast Guard*, 424 F. Supp. 2d 37 (2006). The Government did not

appeal that decision. Plaintiff now seeks damages including for loss of use of the barge and other injuries and damages caused by the tortious acts of the Coast Guard. In the APA-FOIA Action, the district court also ordered the Government to submit a new *Vaughn* Index. Because the Government decided not to appeal the ruling on the APA counts, as a practical matter the remaining FOIA issues were rendered moot. Plaintiff agreed to dismiss the FOIA count without prejudice to seeking the documents withheld by the Coast Guard in a subsequent proceeding. This is that subsequent proceeding.

The United States, on the other hand, submits that this is an action under the FTCA filed by the owner of a single-hull petroleum tanker barge, which seeks monetary damages allegedly resulting from the Coast Guard's administrative decision, which it based on its interpretation of the Oil Pollution Act of 1990 ("OPA 90"), to issue a phase-out date for the barge of January 1, 2005. Plaintiff previously challenged the Coast Guard's decision in an APA case. Finding in favor of Plaintiff, the district court held that the Coast Guard misinterpreted the statutory provisions of OPA 90 and remanded the matter to the Coast Guard for further action. *Hornbeck Offshore Transportation, LLC v. U.S. Coast Guard*, 424 F. Supp. 2d 37 (2006). Following remand, the Coast Guard applied a phase-out date of January 1, 2015. Plaintiff now seeks monetary damages allegedly resulting from the period when the single-hull tanker barge was unable to transport petroleum products due to the Coast Guard's administrative decision.

2. <u>Agreement Upon Factual and Legal Issues</u>: The parties have agreed to those factual and legal issues that can be agreed upon or narrowed.

3. <u>Assignment to Magistrate Judge</u>: The case should not be assigned to a magistrate judge for any purpose, including trial.

4. <u>Settlement</u>: The Parties have explored settlement and believe there is not a reasonable possibility of settling the case before the Court determines liability.

5. <u>Alternative Dispute Resolution</u>: The parties believe the case will not benefit from the alternative dispute resolution procedures at this point.

6. <u>Dispositive Motions</u>: The parties differ concerning the timing and usefulness of dispositive motions. The United States submits that this dispute should be resolved by a dispositive motion on the threshold legal issue of whether Plaintiff can bring a tort claim for money damages after its successful appeal of an administrative ruling. Although the issue may be easy to articulate, the analysis will be complex. The United States asserts that the Court's decision on a dispositive motion should occur before discovery for three reasons. First, discovery is not necessary to the resolution of the threshold legal issue. Second, judicial economy favors resolution of the motion before discovery because the Court would not need to decide issues relating to the assertion of the deliberative process privilege, the attorney-client privilege, and the protections of the attorney work-product doctrine. Third, the Coast Guard would not have to consider whether it should waive any of these privileges until and unless the Court decided to hear the case on the merits.

The United States proposes that dispositive motions be filed on November 16, 2007, with briefing due to be completed on December 17, 2007. The proposed dates reflect the complexity of the issues involved, the scheduling demands of counsel, and the previously scheduled international vacation for counsel for the United States.

Plaintiff believes that discovery is necessary now and should proceed forthwith because of the multiple affirmative defenses asserted by the Government and because Plaintiff bears the burden of proof. Plaintiff believes the Government's proposed approach prejudices Plaintiff by postponing discovery unreasonably, denying Plaintiff discovery before the filing of dispositive motions, and furthermore, that waiting until November 16, 2007 to file motions without discovery as proposed by the Government could result in delaying discovery for another year if neither party prevails on the motions.

Plaintiff submits that the Government missed its chance to submit the motion to dismiss that it now proposes to submit on November 16, 2007. Since the Government represents that there is a threshold legal issue about whether Plaintiff can bring a tort claim for damages after prevailing in the APA Action, then it should have filed a motion to dismiss instead of answering the Complaint. Moreover, since the Government represents that it does not believe there are any factual issues of dispute on liability, then if it wishes to submit a motion on the pleadings it should do it now, not on November 16, 2007. Since the Government proposes no discovery before "dispositive" motions, its proposal is for motions on the pleadings because Plaintiff will have not been afforded any discovery and will be in no position to submit a summary judgment motion as the Government proposes.

7. <u>Initial Disclosures</u>: The parties agreed to make any additional initial disclosures by September 14, 2007. The Government agreed that Plaintiff's FTCA administrative claim to the Coast Guard submitted on September 12, 2006 satisfies Plaintiff's initial disclosure requirement.

8. <u>Discovery</u>: The parties fundamentally disagree about whether discovery should begin before or after the Court decides the United States' dispositive motion. The parties agree that, as an initial matter, discovery should be limited to the issue of liability.

The parties disagree over how expeditiously this discovery can be accomplished. Plaintiff believes discovery can be accomplished quickly because as a result of the previous APA-FOIA Action there is a known quantity of documents. These are the documents from the previous APA claim which were produced by the Government, plus 64 pages of documents that the Coast Guard identified in its *Vaughn* Index and withheld as exempt from release in Plaintiff's related FOIA. (The Government originally asserted the internal deliberative FOIA exemption regarding 45 pages and the commercially sensitive exemption for the remaining 19 pages.) Plaintiff believes those documents are discoverable and should be produced as they relate

directly to the relevant actions by the Coast Guard at issue and these actions will be the subject of Plaintiff's examinations of Coast Guard witnesses at deposition, etc.  Plaintiff has proposed that the Government submit the documents to the Court for *in camera* review and has also offered to enter into a protective order governing the disclosure of the documents.  Plaintiff sees no reason for the Government to continue to withhold the 19 pages previously withheld pursuant to the commercially sensitive exemption of FOIA when Plaintiff has offered a protective order.

Plaintiff believes that the production of these 64 pages of documents should be addressed forthwith as they are key to the prompt and orderly progress of discovery.  Plaintiff believes that the Court should order the Government to submit for immediate *in camera* review and determination of the approximately 64 pages of documents responsive to Plaintiff's FOIA requests, but withheld.  Failing that, Plaintiff proposes that the Court schedule a conference to resolve the production of these key documents forthwith.

Beyond the matter of these 64 pages of documents, Plaintiff also proposes the following discovery schedule:  (a) September 14, 2007 – complete any remaining initial disclosures; (b) October 1, 2007 – serve initial discovery requests; (c) October 22, 2007 – respond to discovery request and produce remaining responsive materials for which there is no claim of privilege; (d) November 7-16, 2007 – Plaintiff will conduct depositions of Coast Guard and former Coast Guard witnesses in Washington, D.C.; (e) December 17, 2007 – parties file dispositive motions; (f) January 28, 2008 – parties file oppositions to dispositive motions.  Further scheduling should then await the Court's determination of any dispositive motions.  Of course, if the parties conclude that no dispositive motions will be filed, Plaintiff recommends that at that time the parties should so inform the Court and request a trial date.

By contrast, the United States submits that, if discovery on the issue of liability is necessary, the schedule should be six months to allow time for the following to occur:  (1) a thorough search for all pertinent agency documents; (2) a determination by the Coast Guard

whether to waive some or all of the privileges that may be asserted over certain documents; (3) the Court's *in camera* review of privileged documents and its determination of the applicability of asserted privileges; and (4) the depositions of current and former Coast Guard employees.

9. <u>Experts</u>:  Neither Plaintiff nor the United States intends to retain experts during the liability phase.

10. <u>Class Action</u>:  This is not a class action.

11. <u>Bifurcation</u>:  The parties have agreed to bifurcate the case and propose to postpone any consideration of damages until after the Court has determined liability.

12. <u>Pretrial</u>:  A pretrial conference need not be scheduled at this time.

13. <u>Trial</u>:  A firm trial date need not be set.

Dated: September 3, 2007

Respectfully submitted,

| _/s/_ | _/s/_ |
|---|---|
| WINSTON & STRAWN LLP<br>Lawrence I. Kiern #441154<br>Thomas L. Mills #911495<br>Gerald A. Morrissey III #488730<br>1400 L Street, N.W.<br>Washington, D.C. 20005-3502<br>(202) 282-5811 (direct)<br>(202) 282-5950 (fax)<br>Email - lkiern@winston.com<br>　　　　tmills@winston.com<br>　　　　gmorrissey@winston.com<br><br>*Attorneys for Plaintiff Hornbeck Offshore Transportation, LLC* | Rodney Patton<br>John S. Luce Jr.<br>Trial Attorneys, Civil Division<br>Torts Branch<br>Aviation and Admiralty Litigation<br>P.O. Box 14271<br>Washington, D.C. 20044-4271<br>(202) 616-4035 (direct)<br>(202) 616-4159 (fax)<br>Email – rodney.patton@usdoj.gov<br>　　　　john.luce@usdoj.gov<br><br>*Attorneys for the United States* |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **HORNBECK OFFSHORE TRANSPORTATION, LLC,**<br><br>    **Plaintiff,**<br><br>        v.<br><br>**UNITED STATES,**<br><br>    **Defendant.** | Civil Action No. 1:07-cv -1030 (RCL) |

### PLAINTIFF'S PROPOSED ORDER

**UPON CONSIDERATION** of the parties' Rule 16.3 Report, it is this _____ day of _____, 2007 hereby

**ORDERED,** that the Defendant will submit for *in camera* review and determination by the Court the approximately 64 pages of documents responsive to Plaintiff's FOIA requests and identified in Defendant's *Vaughn* Index, but withheld by Defendant on the internal deliberative and commercially sensitive exemptions.

**ORDERED**, further that the following schedule shall apply to this case:

(a) September 14, 2007 – complete any remaining initial disclosures;

(b) October 1, 2007 – serve discovery requests;

(c) October 22, 2007 – respond to discovery requests and produce responsive materials for which there is no claim of privilege;

(d) November 7-16 – Plaintiff will conduct depositions of Coast Guard witnesses in Washington, D.C.;

(e) December 17, 2007 – parties file dispositive motions;

(f) January 28, 2008 – parties file oppositions to dispositive motions.

  Further scheduling will follow the Court's determination of dispositive motions. If the parties conclude that no dispositive motions will be filed, they should so inform the Court and request a trial date.

Dated: _____

                        Royce C. Lamberth
                        United States District Court Judge

cc:

| | |
|---|---|
| Lawrence I. Kiern #441154 | Rodney Patton |
| Thomas L. Mills #911495 | John S. Luce Jr. |
| Gerald A. Morrissey #488730 | Trial Attorneys, Civil Division |
| 1700 K Street, N.W. | Torts Branch |
| Washington, D.C. 20006 | Aviation and Admiralty Litigation |
| (202) 282-5811 (direct) | P.O. Box 14271 |
| (202) 282-5100 (fax) | Washington, D.C. 20044-4271 |
| | (202) 616-4035 (direct) |
| | (202) 616-4159 (fax) |
| *Attorneys for Plaintiff Hornbeck* | Email – Rodney.patton@usdoj.gov |
| *Offshore Transportation, LLC* |    john.luce@usdoj.gov |
| | *Attorneys for Defendant United States* |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **HORNBECK OFFSHORE TRANSPORTATION, LLC,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Civil Action No. 1:07-cv -1030 (RCL) |
| **UNITED STATES,** | ) ) ) | |
| **Defendant.** | ) ) ) | |

### DEFENDANT'S PROPOSED ORDER

**UPON CONSIDERATION** of the parties' Rule 16.3 Report, it is this _____ day of _____, 2007 hereby

**ORDERED,** that all discovery is stayed and the following schedule shall apply to this case:

(a) November 16, 2007 – dispositive motions filed;

(b) December 10, 2007 – oppositions filed;

(c) December 17, 2007 – reply briefs filed.

Further scheduling, if necessary, will follow the Court's determination of dispositive motions.

Dated: _____

> Royce C. Lamberth
> United States District Court Judge

cc:

Lawrence I. Kiern #441154
Thomas L. Mills #911495
Gerald A. Morrissey #488730
1700 K Street, N.W.
Washington, D.C. 20006
(202) 282-5811 (direct)
(202) 282-5100 (fax)

*Attorneys for Plaintiff Hornbeck
Offshore Transportation, LLC*

Rodney Patton
John S. Luce Jr.
Trial Attorneys, Civil Division
Torts Branch
Aviation and Admiralty Litigation
P.O. Box 14271
Washington, D.C. 20044-4271
(202) 616-4035 (direct)
(202) 616-4159 (fax)
Email –  Rodney.patton@usdoj.gov
　　　　　john.luce@usdoj.gov
*Attorneys for Defendant United States*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this third day of September 2007 I electronically filed the foregoing JOINT SCHEDULING REPORT, PLAINTIFF'S PROPOSED ORDER and DEFENDANT'S PROPOSED ORDER with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Rodney Patton
John S. Luce, Jr.
Trial Attorneys, Civil Division
Torts Branch
Aviation and Admiralty Litigation
P.O. Box 14271
Washington, D.C. 20044-4271
(202) 616-4035 (direct)
(202) 616-4159 (fax)
Email – rodney.patton@usdoj.gov
   john.luce@usdoj.gov

  Pursuant to the Order of August 8, 2007, the Proposed Scheduling Orders have also been submitted in Microsoft Word format by email to RCL_ECF@dcd.uscourts.gov.

                /s
              Gerald A. Morrissey III

DC:529192.1